**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Justin Carrion, | ) | CASE NO. 1:17 CV 1992 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Commissioner of Social Security, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

## **INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George L. Limbert ("R&R")(Doc. 18) recommending that the decision of the Commissioner be affirmed. Plaintiff has filed objections. The R&R is hereby REJECTED and the decision of the Commissioner is REVERSED. This matter is REMANDED to defendant for further proceedings.

## **STANDARD OF REVIEW**

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case de novo. Federal Rule of Civil Procedure 72(b) provides in

1

pertinent part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

## **ANALYSIS**

The parties do not dispute the medical evidence of record, which is aptly set forth by the Magistrate Judge and will not be repeated herein. Generally speaking, the Administrative Law Judge ("ALJ") determined that plaintiff suffers from the severe impairments of "autistic disorder and other pervasive developmental disorder, and attention deficit hyperactivity disorder." The medical evidence cited by the Magistrate Judge includes testing performed in 2013 demonstrating that plaintiff's scores on an adaptive behavior assessment placed him in the first percentile and that plaintiff required a highly structured environment. Additional testing demonstrated that plaintiff worked at a very slow pace in the classroom and required extended time. It was also noted that plaintiff would accept help, but would not seek it out. In determining plaintiff's residual functional capacity ("RFC"), the ALJ noted that plaintiff is capable of performing a full range of work at all exertional levels, but with the following nonexertional restrictions:

> The claimant has the capacity to understand, remember, and follow instructions for simple tasks **but may need extra time and repetition for new learning.** He has the ability to tolerate work pressures to perform simple tasks without fast pace requirements or high production quotas. The claimant has the ability to interact with others on a superficial level at a job not requiring customer service duties, conflict resolution, or persuading others. The claimant has the capacity to work in a predictable environment with infrequent changes.

(Doc. 11 PageID 71)(emphasis added).

The ALJ then relied on a vocational expert ("VE") with regard to whether there are significant jobs in the national economy that plaintiff can perform given his RFC. The VE identified packager, laundry worker, and "industrial cleaner, sweeper."

Plaintiff objects on the grounds that the RFC is ambiguous and, as such, reliance on the VE's testimony was improper. According to plaintiff, a limitation that plaintiff "may need extra time and repetition for new learning" does not accurately portray plaintiff's impairments. Rather, the ALJ indicated that the plaintiff *may* need extra time and repetition, but also might not. On the other hand, defendant claims that the limitation is straightforward and accurate– plaintiff may need extra time and repetition for new learning. The Magistrate Judge agreed with defendant. This Court, however, agrees with plaintiff and finds the objection to be well-taken. It is well-settled that "substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays [plaintiff's] individual physical and mental impairments." *Varley v. Secretary of Health & Human Services*, 820 F.2d 777, 779 (6th Cir. 1987)(citations and quotations omitted). *See also, Ealy v. Commissioner of Social Security*, 594 F.3d 504 (6th Cir. 2010).

Here, not only is it unclear *whether* plaintiff will need additional repetition and time for new learning, but it is also unclear *how much* additional repetition and time plaintiff will require. This is especially problematic because the VE testified that an individual who is off task more than 20% of the time is unemployable. As plaintiff notes, "a need for a few moments of time and a few repetitions is not the same as needing much more time and many more repetitions than may be required by an average worker in a competitive environment." (Doc. 15 at PageID 733). The ALJ fails to accurately describe plaintiff's limitation in this regard and the VE did not seek

3

clarification. Given that plaintiff's need for extra time and repetitions for new learning might arguably render him off task for more than 20% of the time, the Court has no way to meaningfully review whether substantial evidence exists to support the ALJ's determination that there are a substantial number of jobs in the national economy that plaintiff is capable of performing. *See, e.g., Russell v. Commissioner of Social Security*, 2016 WL 286431 (S.D. Ohio January 25, 2016)(remand required where hypothetical question described an individual as "hesitant to ask questions or ask for help" and requiring "a static environment"). Accordingly, remand is required.

Plaintiff also objects on the basis that the RFC is internally inconsistent with the ALJ's own findings. Plaintiff points out that the ALJ relied on his IEP records and concluded that the records "support limiting the claimant to simple work tasks, with limited production, extra time for learning, low production standards, infrequent changes in the work place, and a few social demands." (Doc. 11 at PageID 73). Yet, the RFC inexplicably limits plaintiff to no "fast pace requirements" or "high production quotas." Plaintiff claims there is a difference between a "low production quota" and a limitation to "no high production quotas." In other words, it is unclear whether the ALJ determined if plaintiff is capable of average production quotas. In addition, plaintiff objects that the ALJ failed to inquire of the VE whether his testimony was consistent with the DOT. The Court need not reach these objections in that remand is required in any event. The ALJ may want to address these issues on remand making review unnecessary.

**CONCLUSION**

For the foregoing reasons, the R&R is REJECTED and this matter is REMANDED to defendant for further proceedings.

IT IS SO ORDERED.

          /s/ Patricia A. Gaughan
          PATRICIA A. GAUGHAN
          United States District Judge
          Chief Judge

Dated: 8/31/18